PER CURIAM:
The claimant brought this action for damage to his 1989 Ford half ton pick-up truck, which occurred when a portion of a road maintained by the respondent gave way. The Court, on its own motion, amended the style of the claim to reflect the proper patty.
The incident giving rise to this claim occurred on May 17, 1998, at approximately 10:45 p.m. The claimant and a companion, Tonya Kelley, were driving on County Route 14/4 (Bull Run Road), near Masontown, Preston County. Tonya Kelley was driving. Ryan Barrett, the owner of the truck, was a passenger. They were hauling a four-wheeler ATV in the back. Route 14/4 is a narrow rock-based, single-lane road that is low priority in terms of maintenance and climbs gradually from a valley up a hill. In the area of the accident, the road is approximately 11 feet wide. There is a steep drop-off on the right-hand side of the road.
The claimant’s testimony at hearing was that as the vehicle proceeded up this hill, the edge of the road on the right-hand side gave way, causing the vehicle to slip over the edge. The truck rolled several times and came to rest right-side-up on a rock. The ATV was tossed out. The next day, the claimant returned to the scene and discovered that the ATV had been stolen. The claimant sustained minor injuries to his hand and neck. His medical costs were in the amount of $258.50. The truck sustained extensive damage. The claimant submitted into evidence a repair *141 estimate in the amount of $8,236.20. The claimant had liability insurance only and subsequently sold his truck for $250.00.
The claimant and respondent submitted into evidence a number of photographs and a video tape depicting the road and accident scene. The evidence established that County Route 14/4 is an extremely narrow and windy road that carries little traffic in the summer and no traffic in winter. The respondent’s normal maintenance routine was to grade the road once a year. The Court, after careful review of the entire record, is of the opinion that the conditions of the road in the area in question are not indicative of a slip, and that there is insufficient evidence of negligence on the part of the respondent upon which to base an award.
It is well established that the State is neither a guarantor nor an insurer of the safety of motorists upon its highways. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947). It is not clear why Ms. Kelley lost control of the claimant’s vehicle, and the Court will not speculate as to what caused the incident giving rise to this claim. However, from the evidence the road appears not to have sustained a slip or washout in the area of the accident. The Court finds it unnecessary to make a ruling on the admission of Respondent’s Exhibits 6-12, as these add little to the evidence already submitted. In view of the foregoing, the Court does hereby deny the claim.
Claim disallowed.